UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CHARLENE CRAWFORD                                                          PLAINTIFF

v.                              No. 5:18-CV-05018

KARCHER NORTH AMERICA, INC.                                                DEFENDANT

**OPINION AND ORDER**

On April 30, 2019, at 3:22 p.m., the Court entered an opinion and order (Doc. 50) granting summary judgment for Defendant Karcher North America, Inc. ("Karcher") and dismissing all of Plaintiff Charlene Crawford's Title VII and ARCA claims. Judgment has not yet been entered under Rule 58(a).

Unbeknownst to the Court, on April 25, 2019, Karcher made an offer of judgment under Rule 68 in the amount of $75,000, inclusive of attorney's fees and costs. Following entry of the Court's opinion and order on April 30, at 3:42 p.m. Crawford's attorney transmitted an email to Karcher's attorney accepting the offer of judgment. (Doc. 51-2). Karcher's attorney responded with an email (Doc. 52-2) at 3:57 p.m. stating that the offer was withdrawn and that the Court had already entered judgment against Crawford. The attorneys also drafted letters (Docs. 51-3, 52-1) to one another communicating their positions on acceptance and rejection of the offer of judgment. At 6:27 p.m., Crawford filed a notice of acceptance (Doc. 51), which included the offer of judgment as an exhibit (Doc. 51-1). On May 1, at 9:30 a.m., Karcher filed a notice of withdrawal and expiration of its offer of judgment. (Doc. 52).

Rule 68 reads, in relevant part:

(a) MAKING AN OFFER; JUDGMENT ON AN ACCEPTED OFFER. At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued.

1

> If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

Federal Rule of Civil Procedure 68(a). So long as the offer is effective and has not been rejected, it is irrevocable for the statutorily prescribed fourteen-day period, even "despite an intervening grant of summary judgment by the district court." *Perkins v. U.S. West Commc'ns*, 138 F.3d 336, 339 (8th Cir. 1998).

Even though the Court entered an order granting summary judgment in favor of Karcher, the offer of judgment—which had not been rejected and did not include among its specific terms expiration in the event the Court granted Karcher's motion for summary judgment—was still open when Crawford served her acceptance.[1] Following Crawford's service of acceptance, she filed the offer and the acceptance, which (along with the exhibits) is proof of service. Accordingly, the Court will enter judgment in this case against Karcher North America, Inc. in the amount of $75,000, which is inclusive of "all damages, costs, and attorneys' fees potentially recoverable."

IT IS SO ORDERED this 1st day of May, 2019.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE

---

[1] The Court notes that whether service was effected under Federal Rule of Civil Procedure 5(b)(2)(E) by email with consent of the parties or by the Court's electronic filing-system in accordance with Federal Rule of Civil Procedure 5, Crawford's acceptance came before any attempt to withdraw the offer, whether or not that withdrawal could have been effective.